IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLENE TOMEL, #A4017655,    )<br>                              )<br>           Plaintiff,         )<br>                              )<br>     vs.                      )<br>                              )<br>KEVIN JENKINS, GREG BALL,     )<br>ROYAL LAHAINA RESORT,         )<br>YVETTE LNU, GLEN HOGAN,       )<br>                              )<br>           Defendants.        )<br>_____ ) | CIV. NO. 09-00490 JMS/BMK<br><br>ORDER OF DISMISSAL;<br>EXHIBIT A |

## **ORDER OF DISMISSAL**

On October 9, 2009, pro se Plaintiff Darlene Tomel ("Plaintiff") brought this prisoner civil rights action pursuant to 42 U.S.C. § 1983, also alleging unidentified state law claims.[1]  Plaintiff alleges various claims against the prosecutor, public defender, and complainants relating to her state court prosecution and conviction in the County of Maui.  Plaintiff's Complaint and action are dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

---

[1] Plaintiff was incarcerated at the Hawaii Community Correctional Center ("HCCC"), when she commenced this action.  She has since been released.  *See* Doc. No. 5, Not. of Change of Address.

## I. **BACKGROUND**

Before Plaintiff filed this action, she filed a similar complaint in Civ. No. 09-00195 HG-KSC. The first complaint alleged violations against numerous defendants that allegedly occurred over the past five years, all relating to Plaintiff's various arrests, prosecutions, and incarcerations in Maui and Hawaii Counties. United States District Judge Helen Gillmor dismissed that complaint, explaining in great detail the numerous deficiencies in each of Plaintiff's claims against each of the named defendants.[2] Plaintiff was given leave to amend in Civ. No. 09-00195 HG-KSC, insofar as it was possible. Plaintiff was notified that a failure to cure the deficiencies in her claims would result in their dismissal with prejudice. Plaintiff was also informed that, because her claims alleged wholly unconnected claims against wholly unrelated defendants, if she chose to amend, she was required to separate these claims into, at a minimum, three complaints, realleging certain claims in an amended complaint in Civ. No. 09-00195 HG-KSC, and the remaining claims to be set forth in two new complaints and actions. Plaintiff heeded the court's direction, and the instant Complaint is her attempt to allege a cause of action relating only to her claims arising in Maui County regarding a 2004 state court action.

---

[2] For convenience, a copy of that Order is attached as Exhibit A.

Plaintiff alleges six counts, although several are repetitive: (1) the Maui County Prosecutor, Kevin Jenkins, and Public Defender, Greg Ball, withheld evidence, slandered and defamed her, violated her speedy trial rights and the Ninth Amendment, and did not allow her to speak in her own defense (*See* Counts I-IV, VI); and (2) Glen Hogan, owner and President of the Royal Lahaina and Royal Kona Resorts, gave away personal property that Plaintiff apparently left in her office located in the lobby of the Royal Kona Resort (Count V).  Although Plaintiff names Yvette Kitagawa, identified as a Royal Lahaina Resort employee, she provides no details regarding Kitagawa's connection to her claims.

Plaintiff alleges that Defendants' actions have caused her humiliation, mental abuse, loss of reputation, and financial loss.  Plaintiff does not specify her request for relief.

## II.  LEGAL STANDARD

Pursuant to the Prison Litigation Act of 1995 ("PLRA"), federal courts are required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. §§ 1915(e)(2), 1915A(a).  The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a

defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1-2).

A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to sufficiently allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (dismissing civil rights complaint); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "[B]are assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim," for the purposes of ruling on a motion to dismiss, are not entitled to an assumption of truth. *See Iqbal*, 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 555). These types of claims should not be disregarded because they are "unrealistic or nonsensical," but because they are simply legal conclusions, even if they "are cast in the form of a factual allegation." *Moss*, 572 F.3d at 969 (citing *Iqbal*, 129 S. Ct. at 1951).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at

1950.  Even if a plaintiff's specific factual allegations may be consistent with a constitutional claim, the court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 1951.

If a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**A.     Claims Against Jenkins and Ball Are Dismissed**

Plaintiff challenges Jenkins's and Ball's actions taken while they prosecuted and defended her in a 2004 criminal prosecution and subsequent conviction on Maui.  There are several insurmountable obstacles to these claims, as was carefully explained to Plaintiff in the Order dismissing her complaint in Civ. No. 09-00195 HG-KSC.

The Hawai'i State Judiciary database[3] reveals an active state criminal proceeding involving Plaintiff in Maui County. In *State v. Tomel*, Cr. No. 2PC04-1-000087 (Maui County), Plaintiff entered a no contest plea to Theft in the Second Degree and judgment was entered on September 13, 2004. Plaintiff was placed on probation. A bench warrant was issued on August 1, 2006, and a "Subpoena; Notice To Appear In Court" was issued on July 16, 2009. Plaintiff's July 31, 2009 pro se motion to dismiss the action is pending, and there is a September 30, 2009 court entry for production of Plaintiff for a hearing. To date, there are no further entries in the state court's docket.

### 1.      *Younger* Abstention and *Heck v. Humphrey*

Plaintiff's claims may be barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), which prevents a federal court from directly interfering with ongoing state criminal proceedings in most circumstances. The *Younger* abstention doctrine bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). *Younger*

---

[3] Available at http://hoohiki1.courts.state.hi.us/jud/Hoohiki; *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (holding a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Lee v. City of L.A.*, 250 F.3d 668, 689-90 (9th Cir. 2001) (court may take judicial notice of public records, such as a prior order or decision, but not the truth of the facts cited therein).

abstention continues to apply after conviction, while a case works its way through the state appellate process. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989).

Once a court finds that *Younge*r abstention applies, it must determine whether a stay or dismissal of the claims is appropriate. A district court normally must dismiss claims for injunctive or declaratory relief, and stay claims for monetary damages. *Juidice v. Vail*, 430 U.S. 327, 348 (1977); *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973); *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988).

It is unclear whether Plaintiff is awaiting resentencing in her Maui County criminal proceeding, has been resentenced, or is pursuing an appeal. If Plaintiff is awaiting resentencing, or has or intends to appeal, the state proceeding is ongoing, and Plaintiff's claims are barred from federal review. As noted above, Plaintiff fails to set forth *any* request for relief. To the extent that Plaintiff seeks damages, however, because she was clearly informed about the possible problems with bringing these claims in Civ. No. 09-00195 HG-KSC, and her claims for damages are precluded on other bases, the court will not stay these claims.

If Plaintiff is not awaiting resentencing, and has not appealed or intends to appeal, her claims against Jenkins and Ball relating to her 2004 Maui conviction are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). "[T]o recover

damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 486-87.  A determination on Plaintiff's claims against Jenkins and Ball would clearly call her 2004 conviction into question.

### 2. *Prosecutorial Immunity*

Absolute prosecutorial immunity immunizes a prosecutor from damages liability pursuant to 42 U.S.C. § 1983 for actions taken in his or her role as a prosecutor. *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976).  Prosecutorial immunity is based on "the nature of the function performed, not the identity of the actor who performed it." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (internal quotation marks and citation omitted).  "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for State, are entitled to the protections of absolute immunity." *Id.* (internal quotation marks and citations omitted).  On the other hand, "[w]hen a prosecutor performs the investigative

functions normally performed by a detective or police officer," the prosecutor is entitled to only qualified immunity.  *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Plaintiff's claim against Jenkins is based solely on actions that occurred in the course of his role as an advocate for the State during Plaintiff's state court trial.  Compl. 3, 12.  As such, Jenkins is absolutely immune from suit for damages and those claims are DISMISSED.  Plaintiff was informed of this obstacle to her claims against Jenkins in Civ. No. 09-00195 HG-KSC, therefore her claims against Jenkins are dismissed with prejudice.

### 3. *Claims Against Ball Are Dismissed*

When a public defender is acting in his role as advocate, he is not acting under color of state law for purposes of § 1983 liability.  *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008).  Plaintiff's claims against Ball all arise from his role as an advocate on her behalf.  He was therefore not acting under color of state law.  Plaintiff's claims against Ball are DISMISSED with prejudice because amendment is futile.

B.   **Claims Against the Royal Lahaina Resort,[4] Kitagawa, and Hogan Are Dismissed**

Plaintiff states that Hogan and Kitagawa are private parties. Compl. 2-3. Beyond naming Kitagawa in the Complaint's caption (identified as "Yvette LNU"), and stating that Kitagawa is employed at the Royal Lahaina Resort, Plaintiff provides no facts explaining either Kitagawa's or the Royal Lahaina Resort's supposed involvement in her allegations. In Count V, Plaintiff claims that Hogan failed to return personal property worth $5,000 that Plaintiff had left in her office in the lobby of the Royal Kona Resort.[5] Plaintiff alleges claims of harassment, verbal and mental abuse, slander, and defamation of character.

Theft or conversion of property, slander, harassment, and defamation are state law causes of action, particularly when the parties are alleged to be private as opposed to state actors. Plaintiff fails to state a federal claim against the Royal Lahaina Resort, Hogan, or Kitagawa. To the extent that Plaintiff seeks

---

[4] Plaintiff names the Royal Lahaina Resort in the caption of the Complaint. She alleges that Hogan is owner and President of the Royal Lahaina and Royal Kona Resorts in the body of the Complaint. In Count V, however, Plaintiff states that her office, from which her property was allegedly taken, was located in the lobby of the Royal Kona Resort. Plaintiff makes no claims against the Royal Lahaina Resort, and it is therefore unclear why it is named as a Defendant.

[5] The Royal Kona Resort was not named in the caption, and is not considered a Defendant to this action. *See* Fed. R. Civ. P. 10(a) (requiring all parties to be named in caption of complaint) ; *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (affirming dismissal of pro se civil rights plaintiff's complaint as sanction for plaintiff's failure to amend it to replace "et al.," in caption, with actual names of all additional defendants).

supplemental jurisdiction over these state law claims, the court "may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Judicial economy, convenience, fairness, and comity weigh in favor of declining jurisdiction over Plaintiff's state law claims.

## IV. CONCLUSION

The Complaint is DISMISSED in its entirety for failure to state a claim. Because Plaintiff was given notice of the specific deficiencies with her federal claims in Civ. No. 09-00195 HG-KSC, and has realleged them in this action without curing their defects, this dismissal is with prejudice as to Plaintiff's federal claims. Plaintiff's state law claims are DISMISSED without prejudice.

The Clerk of Court SHALL enter judgment stating that this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, November 19, 2009.



        /s/ J. Michael Seabright
        J. Michael Seabright
        United States District Judge

*Tomel v. State of Hawaii, et al.*, Civ No. 09-00490 JMS/BMK; Order of Dismissal; Exhibit A; Pro Se Attnys/ Screening/ dmp /2009/Tomel 09-490 (dsm FTSC)